# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Rebecca R. Pallmeyer *RRP* | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4178 | **DATE** | 6/30/2011 |
| **CASE TITLE** | Derry M. Stone, Jr. vs. Mr. Soakal et al | | |

**DOCKET ENTRY TEXT**

Plaintiff Derry M. Stone has filed a *pro se* complaint against Defendants "Mr. Soakal, LaGrange Park, and the Brookfield Police Department." Mr. Stone seeks leave to proceed without prepayment of fees and has moved for the appointment of counsel. Plaintiff's motion for leave to proceed without prepayment of fees [4] and motion for appointment of counsel [5] are denied without prejudice. The complaint in its current form is stricken. Plaintiff has leave within 14 days to file an amended financial affidavit and an amended complaint consistent with the court's directions. Summons will not issue at this time. (For further details see minute order.)

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Derry M. Stone has filed a *pro se* complaint against Defendants "Mr. Soakal, LaGrange Park, and the Brookfield Police Department." Mr. Stone seeks leave to proceed without prepayment of fees and has moved for the appointment of counsel.

The court is puzzled by Mr. Stone's financial affidavit. In that affidavit, he claims to have no income or financial support of any kind. Yet Mr. Stone has a residence address and, as alleged in his complaint, owns a car. The court is uncertain how Mr. Stone can provide for himself or purchase gasoline or food if, as he claims, he has no financial resources of any kind. If Mr. Stone has been furnished with housing or financial assistance by a friend or relative, he should explain this. If he is the recipient of government financial assistance (Public Aid or Social Security, for example), Mr. Stone should disclose that information on his financial affidavit, as well. He is directed to file an amended financial affidavit within 14 days.

Mr. Stone's motion for appointment of counsel is incomplete, as he has provided no explanation of what efforts he has made to find counsel on his own. Such information is called for in paragraph 2 of the court's form motion. In that paragraph, Mr. Stone's motion says "I have tried to contact attorneys for advice," but he provides no other details–for example, names, phone numbers, dates, information concerning his contacts with counsel, and the results of those contacts. Mr. Stone is encouraged to seek counsel to represent him, either on a contingency or at reduced cost if he has no funds. A list of legal services is attached to this order.

Finally, the court addresses the substance of Mr. Stone's allegations. Pursuant to 28 U.S.C. § 1915(e)(2), the court performs an initial review of a *pro se* complaint to determine whether it is frivolous or malicious; fails to state a claim for relief; or seeks relief against a defendant who is immune. Mr. Stone has alleged that

| STATEMENT |
|---|

officers (presumably of LaGrange Park or Brookfield) arrested him without probable cause and used excessive force against him.  Mr. Stone believes the officers are acting at the direction of a resident, Defendant Soakal, and that the officers did not themselves witness any violations of the law.  If Mr. Soakal were the only named Defendant, the court would dismiss the complaint for lack of jurisdiction; any tort claim brought by one resident of Illinois against another must be filed in state court.  Nor is Mr. Soakal properly sued for violating Mr. Stone's federal civil rights.   A private citizen cannot ordinarily be held liable under 42 U.S.C. § 1983 because that statute requires action under color of state law.  There is an exception to this rule when a private citizen conspired with state actors, *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir.1992), but the complaint does not appear to allege a conspiracy.

Mr. Stone has also alleged wrongdoing by police officers, however, though he has not identified any individual officer by name.  The fact that the officers were employed by LaGrange Park or by Brookfield at the time of Mr. Stone's arrest is not sufficient to render these municipalities liable; there is no *respondeat superior* liability for a § 1983 violation.  *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir.2010).  Mr. Stone is therefore directed to file an amended complaint within 14 days, in which he identifies the police officers who are alleged to have falsely arrested him.

If Mr. Stone does not have this information, the court will permit him to proceed by naming, as a Defendant, the Chief of Police in the municipality whose officers arrested him.  That person should be able to provide the names of the unknown Defendants.  *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).  Once a supervisory official is named and has appeared through counsel, Plaintiff will have the opportunity to send counsel interrogatories (that is, a list of questions) seeking information regarding the individuals who allegedly violated Plaintiff's constitutional rights.

Accordingly, Plaintiff's motion for leave to proceed without prepayment of fees [4] and motion for appointment of counsel [5] are denied without prejudice.  The complaint in its current form is stricken.  Plaintiff has leave within 14 days to file an amended financial affidavit and an amended complaint consistent with the court's directions.  Summons will not issue at this time.

*[signature]*